# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 06-60007-03 & 04 |
| VS. | JUDGE DOHERTY |
| JESSE JOSEPH VILTZ (03)<br>JUSTIN ANTHONY VILTZ (04) | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION ON MOTION TO SUPPRESS
### *(Rec. Doc. 155)*

Before the court is a motion to suppress filed by defendants Jesse Joseph Viltz and Justin Anthony Viltz ("movers") on January 31, 2007.[1]  A memorandum in support of the motion was filed on February 16, 2007.[2]  The government opposes the motion.[3]

### Background

Movers and four other defendants are charged in a twenty-three count indictment dated February 15, 2007.  Only Counts 2 and 3 are implicated in the instant motion to suppress.

Movers are charged in Count 2 with possession with intent to distribute five grams or more of cocaine base, and in Count 3 with possession of two 9 millimeter semiautomatic pistols in furtherance of a drug transaction.  The cocaine and guns which are the subjects of these counts were seized from movers' home on October 1, 2003, following execution of a search warrant.

---

[1] Rec. Doc. 155.

[2] Rec. Doc. 163.

[3] Rec. Doc. 158.

2

## Issues Presented

Movers assert that the affidavit in support of the search warrant contained false statements made knowingly and intentionally or with reckless disregard of the truth, and that the fruits of the search should therefore be suppressed.

## Findings and Conclusion

### 1. The Search Warrant

On October 1, 2003, a cooperating source ("CS") working for the New Iberia Police Department allegedly made a controlled buy of cocaine from Justin Viltz at 606 Hopkins St., the residence where movers lived with their parents.  Based in part upon this transaction, Iberia Parish Detective Michael Barnett obtained a search warrant for the residence.[4]  The affidavit in support of the search warrant alleges as follows:

> Over the past several weeks, I affiant, Detective Michael Barnett along with other members of the New Iberia Police Narcotics Division, have been conducting an investigation into the illicit drug sales of Justin and Jessie Viltz from their residence located at 606 Hopkins Street.  Agents have received information from reliable sources that the two brothers are selling large quantities of cocaine from this residence.
>
> On October 1, 2003, affiant received information from patrol officer Clince Morvant that a group of males went to the Viltz residence.  PO Morvant was alerted to the males because they looked extremely nervous.  PO Morvant advised that when the males saw him, they acted like they were not going to the residence which he (PO Morvant) thought appeared suspicious.  PO Morvant conducted surveillance on the males and observed them exchange an unidentified package, then quickly leave the residence and the City.  The exchange was synonymous with a drug transaction.
>
> Detective Delaune researched the vehicle which was rented from Enterprise rental car company out of Lafayette.  Detective Delaune learned that the vehicle was

---

[4] Apparently, the CS made a second drug buy at the Viltz residence after the search warrant had been obtained, but before its execution. The details of this alleged buy are not addressed in the challenged search warrant.

3

rented by a female with a secondary driver being Jarvis Grayson.  Affiant has had drug related dealings with Grayson in the past.  Affiant also knows Grayson to be affialiated (sic) with person who sell large quantitys (sic) of cocaine.

On this same date, a reliable cooperating source advised affiant that he/she could purchase crack cocaine from one or both of the Viltz brothers at 606 Hopkins Street. Affiant provided the source with photocopied U. S. currency and advised him/her to go to the Viltz home and purchase crack cocaine.

The source, who has given information in the past which has proven to be true and correct and has lead to numerous drug related arrest (sic), went to the home as directed by affiant and purchased crack cocaine from Justin.  The source relinquished the contraband to affiant and advised that Justin told him/her to come back later to purchase more crack cocaine.

I Affiant detective Michael Barnett request a warranty (sic) to search the house and property of Justin and Jessie Viltz located at 606 Hopkins Street and seize any and all controlled dangerous substances, currency and documents related to drug activity.

(See Government Exhibit A attached to Response to Defendant's Motion to Suppress).

Movers contend that the affidavit in support of the search warrant does not establish

probable cause for the search, being defective in the following respects:

1.  The statement in the affidavit that the CS "purchased crack cocaine from Justin" was false or made in reckless disregard of the truth because:

    a.  the affidavit fails to state that the CS was searched for drugs prior to being sent into movers' residence;

    b.  there was no visual surveillance of the transaction, and therefore no corroboration that Justin was the seller;

    c.  The purported contraband taken from the CS after the alleged transaction was not scientifically tested.

2.  The affidavit states that the CS was given "photocopied U. S. currency" to make the drug buy, but the government has failed to produce such copies during discovery.

4

The government denies that the affidavit contains any false statements.  It acknowledges that the warrant affidavit does not specifically describe the CS protocol which was followed, but asserts that the officer using the CS followed the usual protocol of searching the CS both before and after the drug buy to ensure the integrity of the controlled drug buy.  The government contends that even without these details, there is sufficient content in the affidavit to support a finding of probable cause for the search warrant, and points out that movers do not contend otherwise.  Finally, the government acknowledges that photocopies of the buy money have not yet been located due to the dissolution of the New Iberia Police Department, but that Immigration and Customs Enforcement (ICE) agents are pursuing new leads to locate the evidence which will immediately be shared with movers' counsel.

## 2.  Applicable Law

A search warrant may be issued only if there is probable cause to believe that evidence of criminal activity will be found on the premises or person searched. U.S. CONST. amend. IV ("... no Warrants shall issue, but upon probable cause, ..."); <u>Carroll v. United States</u>, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed.2d 543 (1925).  To obtain a warrant, law enforcement officers must submit an affidavit to a neutral and detached magistrate which contains sufficient facts and circumstances to enable an independent finding of probable cause of evidence of a crime.  <u>United States v. Ventresca</u>, 380 U.S. 102, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965).

In determining whether probable cause exists, a neutral magistrate must consider the facts and circumstances presented in the warrant application in a practical, common-sense manner, and make an independent assessment regarding probable cause. <u>Aguilar v. Texas</u>, 378 U.S. 108, 109, 111-13 (1964), <u>Illinois v. Gates</u>, 462 U.S. 213, 238 (1983).  The magistrate must consider the

5

"totality of the circumstances" in making this finding, and a magistrate's determination of probable cause should be paid great deference by reviewing courts. Gates, 462 U.S. at 235 (citing Spinelli v. United States, 393 U.S. 410, 419, 89 S.Ct. 584, 590, 21 L.Ed.2d 637 (1969)) ("... we have repeatedly said that after-the-fact scrutiny by courts of the sufficiency of an affidavit should not take the form of de novo review.")

Movers contend that the court should hold an evidentiary hearing to determine the validity of the warrant, citing Franks v. Delaware, 438 U.S. 154 (1978). In Franks, the Supreme Court held that, "where the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request." 438 U.S. at 155-56. If the defendant establishes the allegation of perjury or reckless disregard by a preponderance of the evidence, and the affidavit's remaining content is insufficient to establish probable cause, then "the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit." Id.

A presumption of validity attaches to affidavits supporting search warrants. Id., 438 U.S. at 171-72, 98 S.Ct. at 2684-85. An evidentiary hearing on the issue of whether a particular affidavit contains false or reckless statements is mandated only when the challenger's attack is specific, is aimed at the affiant, and is supported by an offer of proof in the form of affidavits or other reliable statements. The allegations "must be more than conclusory and must be supported by more than a mere desire to cross-examine." Id.

6

> There must be allegations of deliberate falsehood or of reckless disregard for the
> truth, and those allegations must be accompanied by an offer of proof.  They
> should point out specifically the portion of the warrant affidavit that is claimed to
> be false; and they should be accompanied by a statement of supporting reasons.
> Affidavits or sworn or otherwise reliable statements of witnesses should be
> furnished, or their absence satisfactorily explained.  Allegations of negligence or
> innocent mistake are insufficient.  The deliberate falsity or reckless disregard
> whose impeachment is permitted today is only that of the affiant, not of any
> nongovernmental informant.

Franks, 438 U.S. at 171 (footnotes omitted).

Furthermore, no evidentiary hearing is required if the warrant affidavit contains sufficient content to support a finding of probable cause without consideration of the alleged false statements.  Id.

After review of the briefs, the warrant affidavit, and the applicable law, the undersigned concludes that movers have failed to make the necessary "substantial preliminary showing" required for a Franks hearing.  Specifically, movers failed to submit an offer of proof and/or affidavits supporting any inference that Detective Michael Barnett included any false statements in the warrant affidavit, either deliberately or with reckless disregard for the truth.  While there may have been omissions in the affidavit – specifically, the failure to describe in detail the usual protocol followed with respect to searching the CS before and after the controlled drug buy – these omissions do not constitute falsehoods within the meaning of Franks.

Furthermore, reading the warrant affidavit as a whole, and according it the necessary presumption of validity, it is clear that probable cause existed for issuance of the search warrant even without consideration of the challenged statement that the CS "purchased crack cocaine from Justin."  Among other things, the affidavit included the following non-challenged assertions:

7

- At the time of the warrant application on October 1, 2003, officers of the New Iberia Police Narcotics Division had been conducting an investigation into the sale of illicit drugs at movers' home at 606 Hopkins Street for several weeks;

- Reliable sources had informed officers that movers were selling large quantities of cocaine from the residence;

- On the date of the application, the affiant, Officer Barnett, received information from Officer Clince Morvant that a group of males had gone to movers' residence and conducted what appeared to be a drug transaction, after which the males left town;

- On the date of the application, a reliable cooperating source (CS) advised that the CS could buy crack cocaine from one or both of the Viltz brothers at 606 Hopkins Street.

- The CS had given information in the past which proved to be true and correct, and has lead to numerous drug related arrests;

- Officer Barnett provided the CS with money and the CS went to movers' home and purchased what appeared to be crack cocaine.

Considering all of these facts in a practical, common-sense manner, the undersigned concludes that probable cause supported issuance of the warrant even without consideration of the challenged statements.

For the foregoing reasons, it is **RECOMMENDED** that the Motion to Suppress be **DENIED.**

Signed at Lafayette, Louisiana, on February 27, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)